EDNA CURRIER *et al.*, Plaintiffs-Appellants, *v.* BOARD OF EDUCATION OF COMMUNITY UNIT SCHOOL DISTRICT NO. 307, BUREAU COUNTY, Defendant-Appellee.

Third District   No. 76-49

Opinion filed January 11, 1977.

Drach, Terrell & Deffenbaugh, P. C., of Springfield (Ralph Lowenstein, of counsel), for appellants.

Kavanagh, Scully, Sudow, White & Frederick, of Peoria (Julian Cannell, of counsel), for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Plaintiffs, Edna Currier, Rudy Dana and Jeanne L. Gunning, brought this action in the circuit court of Bureau County seeking to recover additional compensation for their services as teachers from the defendant, Board of Education of Community Unit School District No. 307, Bureau County, Illinois. After a bench trial the court denied the claims of the plaintiffs and they have appealed.

The plaintiffs are nondegree teachers employed by the defendant, Board of Education of Community Unit School District No. 307 of Bureau County, Illinois. At all times pertinent to this action, each of the plaintiffs had more than five years teaching experience.

In 1968, the General Assembly amended section 24—8 of the Illinois School Code (Ill. Rev. Stat. 1969, ch. 122, par. 24—8) to require school boards to pay nondegree teachers with at least five years teaching experience additional compensation over those without such experience. This amendment became effective July 1, 1969, and provides as follows:

"In fixing the salaries of teachers, school boards shall pay those who serve on a full-time basis not less than a rate for the school year that is based upon training completed in a recognized institution of higher learning, as follows: for the school year beginning July 1, 1971 and thereafter, less than a bachelor's degree, $6,000; 120 semester hours or more and a bachelor's degree, $6,800; 150 semester hours or more and a master's degree, $7,300.

Effective July 1, 1969, and based upon previous public school experience in this State or any other State, territory, dependency or possession of the United States, or in schools operated by or under

the auspices of the United States, teachers who serve on a full-time basis shall have their salaries increased to at least the following amounts above the starting salary for a teacher in such district in the same classification: with less than a bachelor's degree, $750 after 5 years; with 120 semester hours or more and a bachelor's degree, $1,000 after 5 years and $1,600 after 8 years; with 150 semester hours or more and a master's degree, $1,250 after 5 years, $2,000 after 8 years and $2,750 after 13 years. * * *."

The issue raised on this appeal is based on the application of the foregoing statutory provision as applied to nondegree teachers with more than 5 years experience. The plaintiffs urged in the trial court and renew such contention on appeal that they are entitled to $750 per year for each year the statute has been in effect. They claim that they have not received the incremental amounts required by such statutory provision.

On the other hand the defendant claims the plaintiffs have failed to prove they did not receive the amounts required by statute and on the contrary, the amounts which the teachers have received exceeds the amount designated in the statute.

As is disclosed by the record, the defendant school district and its predecessors have adopted salary schedules over the years, but such schedules did not include any classifications for nondegree teachers. The lowest salary indicated on each of the schedules applied to degree teachers with no years of experience. It is undisputed that the plaintiffs were paid over the years at the rate provided for degree teachers with no experience. This amount has increased over the years being for example $7,300 for the school year 1971-72 and $8,100 for the school year 1974-75. It is also undisputed that no nondegree teachers were employed by the defendant subsequent to its formation by consolidation of other school districts and also no nondegree teachers were employed subsequent to the employment of the plaintiffs.

Both parties concede that the primary purpose of the statute is to require that teachers with more than 5 years teaching experience, even though they have no degree, should be paid more than nondegree teachers having less than 5 years experience. However, the parties disagree on the salary rate to which the $750 per year should be added. The position of the plaintiffs is that the lowest salary on the salary scale is the rate referred to by the statute, while the defendant contends, and the trial court found, that the minimum salary provided by the statute was the applicable rate.

■■ We have heretofore quoted the statute at length, but as can be seen from the prior discussion we are primarily concerned with determining the meaning and application of the phrase " * * * a teacher in such district in the same classification: * * *." Since the salary

schedules do not describe any classifications respecting nondegree teachers either with or without experience, the question is whether from any other evidence the plaintiffs have sustained their burden of proving that they received less than that required by statute. We hold that the plaintiffs have not sustained such burden.

■■ Even though numerous exhibits were presented, including salary schedules adopted by the district, contracts of individual teachers as well as other documents, the evidence fails to establish any salary rate for nondegree teachers without experience. By insisting that the lowest rate on the salary schedule applicable to degree teachers without experience is such rate, the plaintiffs are insisting on a paradox that even their own testimony disclaims. In effect, the construction of the salary schedule urged by plaintiffs would mean that nondegree teachers without experience would, according to the schedule, be entitled to the same compensation as degree teachers without experience, an anomaly which is patently contrary to the purpose and intent of the statute. Since no nondegree teachers with less than 5 years experience were employed by the district, nor was the employment of such teachers contemplated by the district, there is no reason for requiring the district to establish such a classification and the failure to do so can not assist the claim of the plaintiffs.

Finding no error in the judgment of the circuit court of Bureau County, the judgment of the court is affirmed.

Judgment affirmed.

STENGEL and SCOTT, JJ., concur.